(No. 5048.   March 19, 1929.)

STATE ex rel. A. H. CONNER, Attorney General, Appellant, v. WESTERN MUTUAL BENEFIT ASSOCIATION, a Corporation, Respondent.

[276 Pac. 37.]

Frank L. Stephan, Attorney General, and Dean Driscoll, Special Assistant to the Attorney General, for Appellant.

Lot L. Feltham, for Respondent, files no brief.

BUDGE, C. J.—This action was instituted by the State of Idaho, on the relation of the then attorney general and at the instance of the commissioner of finance, and is in the nature of *quo warranto* proceedings against respondent, seeking to enjoin it from carrying on any further business and to close its affairs, under the provisions of C. S., sec. 4992. The theory of the complaint is that respondent is a mutual insurance company and amenable to the insurance code of the state requiring such companies to comply with the regulations therein contained and to have a cash guaranty fund or surplus of not less than $100,000 and to deposit such amount with the department of state entrusted with the supervision of such matters. Demurrer to the complaint on behalf of respondent was sustained, and after failure of appellant to amend within the time allowed, judgment was entered dismissing the action.

Respondent association was organized under the provisions of C. S., chap. 196, pertaining to the formation and operation of religious, social and benevolent corporations, and among its chief purposes and powers, as set forth in its articles of incorporation, are those contained in C. S., sec. 4877, as attributes of death benefit associations. The statute authorizes and the articles of incorporation of respondent provide, *inter alia:*

Establishment of an association for the purpose of paying to the nominee of any member a sum upon the death of such member not exceeding $3 for each member of such association; upon the death of a member of such association, levy of an assessment upon each member, not exceeding $3, and collection and payment of the same to the nominee of the deceased; payment of such annual payments by members as may be deemed best; owning by the association of such real estate as may be necessary for its business purposes.

The section of the Compiled Statutes under which respondent was incorporated was in force long before the enactment of the insurance code, and was not repealed by the adoption of the latter; in fact, ''benevolent orders and societies'' are expressly excluded from the operation of the later enactment.

If respondent could be said to be engaged in a form of insurance business, that would not render it, *ipso facto,* subject to the jurisdiction of the insurance department under the so-called insurance code, for C. S., sec. 5121, expressly exempts benevolent orders and societies ''engaged as principals in the insurance business'' from the operation of the general insurance statutes.

The text of 7 C. J., p. 1051, discussing possible distinctions between beneficial associations and mutual insurance companies, states that they resemble each other, and points out that the associations *usually* have plans of government representative in form, are *ordinarily* governed by the lodge system, *generally* have an initiation and ritualistic form of work, and benefits are *usually* confined to limited classes of persons. By the use of the qualified words italicized, it is obvious the incidents referred to are not exclusive, and we do not think the fact that respondent association lacks them makes it any the less a benefit or benevolent order or society. These things are not required by C. S., sec. 4877, still in equal force with the provisions of the insurance code and subject to interpretation in connection with the exemption contained in C. S., sec. 5121, *supra.*

■ Counsel for the state take comfort in the provisions of C. S., sec. 5136, defining a *fraternal* benefit society and making a lodge system with ritualistic form of work and representative form of government essential to exemption from the insurance laws of the state. But this section has reference to fraternal societies alone, and the exemption contained in C. S., sec. 5121, includes other than fraternal orders and societies, the wording being (after the statement as to what organizations engaged as principals in the insurance business are to be considered as subject to the general insurance laws) ''excepting fraternal *and* benevolent orders and societies.''

''It has sometimes been said that there is no difference between mutual insurance companies and mutual benefit societies, having insurance features, except where a statute makes a distinction, and that the association, so far as it is engaged in the business of life insurance, must be treated in law as a mutual life insurance company, but it is generally acknowledged that benevolent and beneficial associations are not insurance companies, even though the principles of insurance law govern many of their relations with their members and the beneficiaries of the latter. Probably the most distinctive feature, as between insurance companies and mutual benefit societies, is that the latter do not purpose to indemnify or secure against loss, but from contributions of members to accumulate a fund to be used in their own aid or relief in the misfortunes of sickness, injury or death, and the fund raised is practically a trust fund made up of their contributions, whereas to grant indemnity or security against loss, for a consideration, is not only the design and purpose of an insurance company, but is also the dominant and characteristic feature of the contract of insurance.'' (19 R. C. L., pp. 1183, 1184, sec. 6.)

■ There is importance in the facts that associations such as respondent are authorized to be organized under the chapter of the Compiled Statutes dealing with the formation of social and benevolent corporations, that the particular section thereof (4877) under which respondent operates

contains limitations not imposed upon insurance companies generally, and that the general insurance statutes grant exemption to organizations within the category of which we think respondent is, and was, intended to be classed. It is our conclusion, therefore, that respondent comes within the exception under C. S., sec. 5121, as a benevolent order or society; that it is not a fraternal benefit society within the meaning of C. S., sec. 5136, nor subject to any of the regulations contained in C. S., chap. 203, relating to fraternal benefit societies; and, as a benevolent order or society, organized and operating under the provisions of C. S., sec. 4877, is not subject to the jurisdiction of the insurance department or required to comply with the regulations of the insurance code.

The judgment sustaining the demurrer and dismissing the action is affirmed.

Givens and Wm. E. Lee, JJ., concur.